IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAIME GONZALEZ MARTIN, *et al.*,　§
　　　　　　　　　　　　　　　§
　　　　Plaintiffs,　　　　　　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　　Civil Action No. 3:24-CV-02892-N
　　　　　　　　　　　　　　　§
DAVID SCHUCK, *et al.*,　　　　　§
　　　　　　　　　　　　　　　§
　　　　Defendants.　　　　　　§

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant David Schuck's motion to dismiss [4]. Because Plaintiffs did not plead facts sufficient to state a claim against Schuck, the Court grants the motion to dismiss. Then, the Court grants Plaintiffs' request for leave to amend their pleadings.

## I. ORIGINS OF THE DISPUTE

This case involves a restaurant franchise agreement.[1] Plaintiffs Jaime Gonzalez Martin ("Martin") and Haidee Eleazar Blancas Palomino ("Palomino") own and operate Plaintiff Crazy King Burrito ("CKB"), a restaurant business based in Mexico. Pls.' Compl. ¶¶ 1–4, 11 [1]. CKB specializes "in burritos made with various meats, seafood, and special sauces." *Id.* ¶ 11.

In late 2018, Martin and Palomino met Defendant David Schuck, a frequent customer of CKB. *Id.* ¶ 13. Then, in early 2020, Schuck formed Defendant Crazy King

---

[1] The Court accepts all well-pleaded facts as true for purposes of this Order.

Burrito North America, LLC ("CKB-NA") in Michigan. *Id.* Around the same time, Schuck approached Martin and Palomino with a proposal to market CKB franchises in the United States. *Id.* ¶ 14. In November 2020, CKB and CKB-NA entered into a contract titled "CRAZY KING BURRITO FRANCHISOR AGREEMENT" (the "Franchise Agreement"). *Id.* ¶ 20; *see also* Ex. E. The Franchise Agreement identifies CKB as the Franchisor and CKB-NA as the Sub-Franchisor and outlines CKB's and CKB-NA's roles and responsibilities under the contract. Ex. E at 2–11.

In early 2022, Martin, Palomino, and Schuck had a meeting because Martin and Palomino thought that Schuck had violated several terms of the Franchise Agreement. Pls.' Compl. ¶ 21. On February 3, 2022, Martin, Palomino, and Schuck handwrote a bulleted list of tasks on a page of a spiral notebook. Ex. F at 2. The page is titled "David, Haidee, Jaime" and includes Martin's, Palomino's, and Schuck's signatures at the bottom. *Id.* Plaintiffs plead that this document constitutes an amendment to the Franchise Agreement (the "Amendment"). Pls.' Compl. ¶ 21. Plaintiffs allege that Schuck then continued to violate the terms of the Franchise Agreement and the Amendment. *Id.* ¶¶ 22–26. Plaintiffs now bring breach of contract and fraud claims against Schuck.[2] *Id.* ¶¶ 28–47. Schuck moves to dismiss these claims. *See generally* Def.'s Mot. Dismiss [4].

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*,

---

[2] Plaintiffs also bring claims against CKB-NA and Defendant CKB Foods, LLC. Those claims are not at issue in this Order.

42 F.3d 925, 931 (5th Cir. 1995).  "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  However, a court may also consider documents outside of the pleadings if they fall within

certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

### III.  THE COURT GRANTS SCHUCK'S MOTION TO DISMISS

Schuck moves to dismiss Plaintiffs' breach of contract and fraud claims against him. The Court addresses both of these claims in turn.

#### A.  *Schuck Signed the Franchise Agreement in his Representative Capacity*

Plaintiffs allege that Martin, Palomino, and Schuck are parties to the Franchise Agreement and that Schuck breached the Franchise Agreement. *See* Pls.' Compl. ¶¶ 30–

40.  Schuck avers that he signed the Franchise Agreement in a representative capacity and therefore is not a party to it, so the contract claim against him fails.  Def.'s Mot. Dismiss 4–5.

"As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract."  *Mission Grove, L.P. v. Hall*, 503 S.W.3d 546, 551–52 (Tex. App. — Houston [14th Dist.] 2016, no pet.) (citation omitted).  Under Texas law, "unless the parties" to a contract "have agreed otherwise, a person making a contract with another as an agent for a disclosed principal is not a party to the contract and is not obligated on the contract."  *Shank, Irwin, Conant & Williamson v. Durant, Mankoff, Davis, Wolens & Francis*, 748 S.W.2d 494, 499 (Tex. App. — Dallas 1988, no writ); *see also Roe v. Ladymon*, 318 S.W.3d 502, 515–16 (Tex. App. — Dallas 2010, no pet.).  "In deciding whether an agent is personally liable on a contract the agent signed," courts consider "both the signature and the body of the contract."  *Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443, 454 (Tex. App. — Austin 2023, no pet.) (collecting cases).

Here, the signature block and body of the Franchise Agreement indicate that Schuck signed the Franchise Agreement in a representative capacity.  The signature block lists the Franchisor as "Crazy King Burrito — Cozumel" and the Sub-Franchisor as "Crazy King Burrito North America, LLC."  *See* Ex. E at 11.  Schuck's signature is located under "Crazy King Burrito North America, LLC," and his title is listed as "Director of Franchise Development."  *Id.*  There is no separate line for Schuck to sign as an individual.  Schuck's signature location and the inclusion of Schuck's position at CKB-NA support that he signed the Franchise Agreement on behalf of CKB-NA.  *Chaiken v. Boyd*, 1996 WL 18810, at *3

MEMORANDUM OPINION AND ORDER – PAGE 5

(Tex. App. — Dallas 1996, no writ) (unpub.) (finding that individual's signature's location below the company's name in the signature block supports that he signed the contract in his representative capacity); *see also Star Supply Co. v. Jones*, 665 S.W.2d 194, 198 (Tex. App. — San Antonio 1984, no writ) ("The signature of a corporate officer on a contract does not render it his personal contract, where in the body of the contract, it is purported to be a corporation contract.").

The body of the Franchise Agreement also suggests that Schuck signed it in a representative capacity. Almost every term of the Franchise Agreement discusses CKB-NA's rights and obligations under the contract, while the terms do not refer to Schuck as an individual. Ex. E at 1–11. Moreover, paragraph 14.03 states that each "person signing this Agreement for or on behalf of any party to this Agreement warrants that he/she has full authority to sign and legally bind the party." *Id.* at 11. This indicates that the parties to the Franchise Agreement contemplated that individuals would be signing it in a representative capacity. After reviewing both the signature block and body of the Franchise Agreement and the Amendment,[3] the Court determines that Schuck signed the Franchise Agreement and the Amendment in his representative capacity for CKB-NA.

Plaintiffs argue that even if Schuck signed the Franchise Agreement in his representative capacity, he can still be held liable because he used CKB-NA to perpetrate fraud on Plaintiffs. Pls.' Resp. 7–8 [14]. Section 21.223 of the Texas Business

---

[3] Under Texas law, courts "construe[] the contract, and its written amendments, as a whole." *Colvin v. Rickert*, 2006 WL 285993, at *6 (Tex. App. — San Antonio 2006, pet. denied) (mem. op.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 811 (Tex. 2005)).

Organizations Code codifies the longstanding common law principle that "corporate shareholders, officers, and directors are generally shielded from liability for corporate obligations." *Labrado v. Legarreta*, 2025 WL 1547131, at *8 (Tex. App. — El Paso 2025, no pet. h.) (citing TEX. BUS. ORG. CODE § 21.223(a)). However, section 21.223 does not limit liability "if the obligee demonstrates that the [shareholder, officer, or director] caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the [shareholder, officer, or director]." TEX. BUS. ORGS. CODE § 21.223(b). Here, Plaintiffs have not included pleadings in their complaint supporting that Schuck used CKB-NA to perpetuate a fraud and did perpetuate an actual fraud for his direct personal benefit such that he should be personally liable for CKB-NA's contractual obligations. Thus, the Court dismisses the breach of contract claim against Schuck.

### B. *Plaintiffs Did Not Plead Fraud Against Schuck with Particularity*

Plaintiffs also bring a fraud claim against Schuck. Pls.' Compl. ¶¶ 44–47. Federal Rule of Civil Procedure 9(b) requires plaintiffs bringing fraud claims to state such claims with particularity, or set forth "the 'who, what, when, where, and how' of the events." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Plaintiffs must allege with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Additionally, plaintiffs must "explain why the statements are fraudulent." *Flaherty &*

MEMORANDUM OPINION AND ORDER – PAGE 7

*Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (collecting cases).

Here, the fraud claim against Schuck does not satisfy Rule 9(b)'s pleading standard. Plaintiffs plead that Schuck "knowing or recklessly made false and material representations" to induce Martin and Palomino to enter the Franchise Agreement. Pls.' Compl. ¶ 45. Specifically, they allege that Schuck represented that (1) he would add Palomino's name to the CKB-NA registration; (2) Martin and Palomino would maintain control and ownership of CKB-NA and be compensated for CKB-NA's revenue; and (3) he would add Plaintiff Nayeli Gonzalez as an owner on all CKB-NA documentation. *Id.* However, Plaintiffs fail to allege with particularity the time or place that Schuck made these representations and do not explain why these representations are fraudulent. The Court thus dismisses the fraud claim against Schuck.

## CONCLUSION

Because Plaintiffs have not adequately pled their claims for relief against Schuck, the Court grants Schuck's motion to dismiss and dismisses all claims against Schuck without prejudice. Then, the Court grants Plaintiffs leave to amend their complaint within thirty (30) days of this Order. If Plaintiffs do not amend their complaint within thirty days, the Court will dismiss all claims against Schuck with prejudice without further notice.

Signed June 25, 2025.


David C. Godbey
Chief United States District Judge